UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LINWOOD P., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FRANK J. BISIGNANO, )<br>*Commissioner of Social Security*, )<br>)<br>      Defendant. ) | 1:24-cv-00054-SDN |

## **MEMORANDUM OF DECISION AND ORDER ON MOTION FOR AWARD OF ATTORNEY FEES**

On January 7, 2026, Attorney Dominic Pontello filed a motion for an award of attorney fees in the amount of $28,284.50 pursuant to 42 U.S.C. § 406(b)(1) for work performed on behalf of Plaintiff Linwood P. ECF No. 20. On January 13, 2026, the Commissioner responded. ECF No. 22. On February 6, 2026, Attorney Pontello filed supplemental attachments detailing his hourly calculations and invoices. ECF No. 24. For the reasons detailed below, I grant Attorney Pontello's motion.

### BACKGROUND

In this matter, Plaintiff agreed to pay Attorney Pontello a contingent fee for representation in the amount of 25 percent of the total of any past-due Social Security Disability Benefits awarded to him. *See* ECF No. 20-2 at 1. Attorney Pontello represented Plaintiff in this Court for judicial review of an unfavorable decision by an Administrative Law Judge denying Plaintiff's claim for Disability Benefits from the Social Security Administration. *See* ECF Nos. 1, 12. On August 23, 2024, the Social Security Commissioner submitted an unopposed motion to remand the case to the Social Security

Administration for further proceedings. ECF No. 15. The Court granted the motion to remand. ECF No. 16. The Social Security Appeals Council remanded the case for a hearing that resulted in a fully favorable judgment in favor of Plaintiff for $113,138.00 in past-due Disability Benefits and $1,735.00 in regular monthly payments. *See* ECF Nos. 20 at 2–3, 20-1. The Social Security Administration explained it withheld 25 percent of Plaintiff's award for the work performed by Attorney Pontello, amounting in $28,284.50. ECF No. 20-1 at 3. This Court previously entered an order approving payment to Attorney Fenner under the Equal Access to Justice Act ("EAJA") in the amount of $7,000.00. *See* ECF No. 19. Attorney Pontello admits to receiving the EAJA payment and his obligation to refund the amount to Plaintiff after receiving attorney fees. *See* ECF No. 20 at 3.

## DISCUSSION

Section 406(b) of the Social Security Act provides that when a court renders a judgment favorable to a represented claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court holds that contingent fee agreements are permissible in matters involving Social Security benefits claimants. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the Court must be satisfied "that the fee sought is reasonable for the services rendered." *Id*. This Court has previously recognized that:

> Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are [sufficiently] disproportionate in relation to the amount of time counsel spent on the case to "implicate windfall concerns."

2

*Michelle B. v. O'Malley*, No. 21-CV-00337, 2024 WL 657000, at *1 (D. Me. Feb. 16, 2024), *report and recommendation aff'd*, 2024 WL 3718347 (Aug. 8, 2024) (quoting *Beaulieu v. Colvin*, No. 10-CV-454, 2016 WL 675646, at *2 (D. Me. Jan. 28, 2016), *report and recommendation aff'd*, 2016 WL 675646 (Feb. 18, 2016)) (alteration in *Michelle B.*). Lastly, if the claimant's representative received fees pursuant to the EAJA, the representative must refund the smaller fee amount to claimant. *See Gisbrecht*, 535 U.S. at 796.

Attorney Pontello asserts that the above fee equates to an hourly rate of $831.89 for 34 hours and is thereby reasonable under the law. *See* ECF Nos. 24 at 2, 24-1, 24-2. The Commissioner neither supports nor opposes counsel's fee amount in this matter. ECF No. 22 at 1. I agree with Attorney Pontello that the fee is permissible by law.

First, "the fee request conforms with the Plaintiff's contingent fee agreement and does not exceed the 25 [percent] statutory limit." *Christopher H. v. Kijakazi*, No. 18-CV-00355, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022). Second, Plaintiff's counsel's "work in this Court prompted a motion for remand, and the Commissioner has provided nothing to suggest that the Plaintiff's subsequent success was not due to the efforts of his attorney." *Id*. Third, there is no "suggestion of inadequate representation, delay, or an inordinately easy case." *Id*. Finally, the effective hourly rate is in harmony with amounts this Court has previously deemed reasonable. *See* Order (ECF No. 23), *Alan S. v. Kijakazi*, No. 18-CV-00199 (D. Me. Jan. 9, 2023) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H.*, 2022 WL 17668469, at *1 (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 14-CV-271, 2016 WL 3919849, at *2–3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56).

## CONCLUSION

Accordingly, the Motion for Award of Attorney Fees is **GRANTED**, ECF No. 20, and the Court **ORDERS** that a fee award in the amount of $28,284.50 be paid to Attorney Pontello from Plaintiff's past-due benefits in accordance with Social Security Administration policy, subject to the requirement that Attorney Pontello pay Plaintiff $7,000.00, the sum earlier awarded to Attorney Pontello pursuant to the Equal Access to Justice Act.

**SO ORDERED.**

Dated this 12th day of February, 2026.

                                          /s/ Stacey D. Neumann
                                          UNITED STATES DISTRICT JUDGE